UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV139

| | |
|---|---|
| RICHARD MASON,<br>   Plaintiff,<br>v.<br>ILS TECHNOLOGY, LLC, an Ohio<br>Limited Liability Company,<br>   Defendant. | AMENDED ORDER |

## INTRODUCTION[1]

This is a contract dispute between Plaintiff Richard Mason and his former employer, Defendant ILS, Technology, LLC., with respect to breach of employment contract and violation of the North Carolina Wage and Hour Act. The action was filed by Plaintiff on February 24, 2004 in the Superior Court for Mecklenburg County of North Carolina, and Defendant removed the action to this Court by Notice dated March 30, 2004 according to 28 U.S.C. § 1441 *et seq.* Both Defendant and Plaintiff have filed motions for summary judgment, and each has filed the appropriate response and reply. The Court, however, finds that there has been an insufficient showing of the requisite diversity of citizenship in this matter.

---

[1] This Amended Order supersedes the Court's previous Order entered on December 13, 2007 (Doc. No. 30), and amends incorrect references to the plaintiff as the party who sought removal to this Court and who accordingly would be given leave for ten (10) days to show diversity of citizenship in the Court's . The defendant removed and is accordingly given ten (10) days from the date below to show diversity of citizenship according to the standards set forth herein.

1

## ANALYSIS

"The ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law. Though that obligation may be tempered at times by concerns of finality and judicial economy, nowhere is it greater and more unflagging than in the context of subject matter jurisdiction issues, which call into question the very legitimacy of a court's adjudicatory authority." American Canoe Association, Incorporated v. Murphy Farms, Incorporated, 326 F.3d 505, 515 (4th Cir. 2003). The Fourth Circuit has held, "We are obligated to construe jurisdiction strictly because of the significant federalism concerns implicated. Therefore, if federal jurisdiction is doubtful, a remand to state court is necessary." General Technology Applications, Inc. v. Exro LTDAU, 388 F.3d 114, 118 (4th Cir. 2004) (citing Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (internal citations and original alterations omitted)). "Likewise, it is equally well-settled that the parties' characterization of themselves or their claims is not determinative for federal jurisdiction purposes." Id. (citing Roche v. Lincoln Prop. Co., 373 F.3d 610, 615-16 (4th Cir. 2004)).

In order for a district court to have subject matter jurisdiction via diversity of citizenship pursuant to 28 U.S.C. § 1332, the matter in controversy must exceed $75,000, and be between citizens of different States. Sub-section (c) provides that a "corporation" shall be deemed to be a citizen of any State by which it has been incorporated.

In its Notice of Removal, (Doc. No. 1), the defendant provides in paragraph 4 that the plaintiff is a resident of North Carolina, and provides in paragraph 5 that "ILS is a limited liability company organized and existing under the laws of the State of Ohio. Accordingly, ILS is a citizen of the State of Ohio under 28 U.S.C. § 1332 (c)(1)." The parties assume, therefore, that complete diversity is present.

The Fourth Circuit, however, has held that "[a] limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under section 1332 until Congress says otherwise." Id. at 121 (citing GMAC Commercial Credit LLC v. Dillard Dep.'t Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004)). Accordingly, "a limited liability company is assigned the citizenship of its members." Id. at 120; see also 32A Am Jur. 2d Federal Courts § 834 (providing in part, "The rule for determining the citizenship of an unincorporated association is well established: the citizenship of an unincorporated association, for federal diversity jurisdiction purposes, is the citizenship of each of the individual members of the association. . . . Consequently diversity of citizenship does not exist where any one of the members of the association is a citizen of the same state as one of the association's adversaries in a suit.")

## CONCLUSION

Accordingly, the defendant has incorrectly relied on 28 U.S.C. § 1332 (c)(1) for establishing diversity of citizenship. Because neither party addressed the issue pertaining hereto, the Court is unable to determine whether complete diversity exists. Therefore, the Court will give the defendant leave of ten (10) days from the date below to amend its notice of removal so as to demonstrate complete diversity between the members of the defendant LLC and the plaintiff, or the case will be remanded to the Superior Court for Mecklenburg County of North Carolina.

Signed: December 18, 2006

Robert J. Conrad, Jr.
Chief United States District Judge